# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA CAPITAL INSURANCE COMPANY, | Case No. 2:12-CV-02166-APG-CWH |
| Plaintiff, | **ORDER** |
| v. | (Dkt. #46, #47) |
| FARMERS INSURANCE EXCHANGE, | |
| Defendant. | |

Plaintiff Nevada Capital Insurance Company brought suit in this Court on the basis of diversity jurisdiction, alleging that it was a Nevada corporation and Defendant Farmers Insurance Exchange was a California corporation.  In its Answer, Farmers admitted it was a California corporation, and the parties proceeded through discovery.  In preparation for filing its summary judgment motion, Farmers discovered it had incorrectly identified itself as a California corporation but it is actually an unincorporated reciprocal insurance exchange.  "A reciprocal insurance exchange is essentially an insurance company cooperatively owned by those it insures." *True v. Robles*, 571 F.3d 412, 414 (5th Cir. 2009).  The insureds "undertake to indemnify each other against certain kinds of losses by means of a mutual exchange of insurance contracts, usually through the medium of a common attorney-in-fact appointed for that purpose by each of the underwriters . . . ." *Id.* (quoting 43 Am. Jur. 2d Insurance § 81 (2008)).

Farmers moves for leave to amend its Answer to correct its erroneous admission.  Farmers indicates that amendment may destroy this Court's jurisdiction because, according to Farmers, a reciprocal insurance exchange is a citizen of every state in which it has insureds, including Nevada.  Nevada Capital responds that even if Farmers is granted leave to amend, I will still have jurisdiction because an insurance exchange is not a citizen of every state in which it has insureds. Nevada Capital argues that, for purposes of diversity, the insureds are the exchange's customers, not its members.

1    In response to this development, I stayed summary judgment briefing and the parties

2    submitted briefs regarding the Court's jurisdiction if Farmers is permitted to amend.  At the

3    hearing on this matter, Nevada Capital conceded amendment was necessary.  But both parties

4    urged me to adopt the minority view that, when determining citizenship for diversity jurisdiction,

5    a reciprocal insurance exchange's insureds are its customers, not its members.

6    **A. Motion for Leave to Amend**

7    I will grant Farmers' motion for leave to amend.  Regardless of Farmers' diligence,

8    Farmers' amendment may impact diversity jurisdiction, and subject matter jurisdiction cannot be

9    consented to, forfeited, or waived. *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir.

10   2013); *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999).  Although the

11   parties have expressed their preference to remain in this Court, I have an independent obligation

12   to examine my own jurisdiction. *Mashiri*, 724 F.3d at 1031.

13   **B. Subject Matter Jurisdiction**

14   Having granted Farmers leave to amend, the question remains whether this Court has

15   jurisdiction over this action.  Federal district courts have diversity jurisdiction over "all civil

16   actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of

17   different States." 28 U.S.C. § 1332(a)(1).  Where a party to the litigation is an entity, determining

18   the entity's citizenship for diversity jurisdiction depends on the entity's form. *Johnson v.*

19   *Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Reciprocal insurance

20   exchanges are unincorporated associations. *See True*, 571 F.3d at 422 n.2; *Baer v. United Servs.*

21   *Auto. Ass'n*, 503 F.2d 393, 394 (2d Cir. 1974); *Arbuthnot v. State Auto. Ins. Ass'n*, 264 F.2d 260,

22   262 (10th Cir. 1959); Cal. Ins. Code §§ 1300-1307 (describing a reciprocal insurance exchange as

23   persons, called subscribers, exchanging reciprocal insurance contracts with each other and

24   operating through an attorney-in-fact or other duly authorized representative); Nev. Rev. Stat.

25   § 680A.040 (defining reciprocal insurer as "an unincorporated aggregation of subscribers

26   operating individually and collectively through an attorney-in-fact common to all such persons to

27

28

1    provide reciprocal insurance among themselves").[1]  An unincorporated association "has the

2    citizenships of all of its members." *Johnson*, 437 F.3d at 899 (citing *Carden v. Arkoma Assocs.*,

3    494 U.S. 185, 195-96 (1990)).

4            There is a split of authority as to whether subscribers to a reciprocal insurance exchange

5    are the exchange's members—whose citizenship would affect diversity jurisdiction—or

6    customers—whose citizenship would not affect diversity jurisdiction. *Compare Baer*, 503 F.2d at

7    396; *Arbuthnot*, 264 F.2d at 262; *James G. Davis Constr. Corp. v. Erie Ins. Exch.*, 953 F. Supp.

8    2d 607, 610-11 (D. Md. 2013), *with Erie Ins. Exch. v. Davenport Insulation, Inc.*, 616 F. Supp. 2d

9    578, 580 (D. Md. 2009); *Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667, 669 (N.D. Ill. 2000).

10   I conclude that under California and Nevada law, a reciprocal insurance exchange's subscribers

11   are its members, not its customers, and an exchange therefore has the citizenships of all of its

12   subscribers.

13          Both California and Nevada law define subscribers as the members of the exchange. *See*

14   Cal. Ins. Code §§ 1300-1305; Nev. Rev. Stat. §§ 680A.040, 694B.010, 694B.050(3).  Unlike

15   customers, subscribers may be severally and proportionately liable for judgments against the

16   exchange, within certain limits. *See* Cal. Ins. Code § 1391-1395, 1398, 1402, 1450-1451; Nev.

17   Rev. Stat. §§ 694B.080(2)(e), § 694B.130(2), 694B.180, 694B.190, 694B.260.  Additionally,

18   subscribers in a reciprocal insurance exchange exercise control over the exchange's conduct that

19   goes beyond a customer relationship. *See* Cal. Ins. Code §§ 1307-1310; Nev. Rev. Stat.

20   §§ 694B.080, 694B.170.  Finally, subscribers are entitled to distributions of excess funds from the

21   exchange under certain circumstances, rights that would not normally inure to customers. *See* Cal.

22   Ins. Code § 1420; Nev. Rev. Stat. § 694B.240.  Consequently, a reciprocal insurance exchange's

23   subscribers are its members under California and Nevada law.

24          It does not matter that California and Nevada permit reciprocal insurance exchanges to sue

25   and be sued in their own names. *See* Cal. Ins. Code § 1450; Nev. Rev. Stat. § 694B.040(2).  "The

26   _____

27          [1] The parties do not indicate whether I should examine Farmers' status under California law
     (where Farmers is organized) or Nevada law (where this action is brought and where the insurance policy
28   was issued).  I need not resolve this question because the result is the same under either state's law.

1   citizenship of each member of an unincorporated association must be alleged, even though the

2   entity might be recognized at state law as having the ability to sue and the liability to be sued."

3   *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970).

4           The rule that an unincorporated association has the citizenships of all of its members has

5   been subject to criticism, but any alteration to the rule must come from Congress. *See Carden*,

6   494 U.S. at 196; *James G. Davis Constr. Corp.*, 953 F. Supp. 2d at 612.  Congress abrogated the

7   rule for certain class actions under the Class Action Fairness Act of 2005. *See* 28 U.S.C.

8   § 1332(d)(10) (stating that "[f]or purposes of this subsection and section 1453,"[2] the citizenship

9   of an unincorporated association is determined by its principal place of business and the law of

10  the state under which it is organized).[3]  But Congress did not make a similar alteration to the

11  federal courts' general diversity jurisdiction. *See id.* § 1332(c).

12          Farmers suggests it has members in Nevada, but it has not produced any evidence that it

13  does.  Presumably, Farmers is referring to the policy at issue in this case, issued to Anthony

14  Cortez at his Las Vegas address. (Dkt. #47-1 at 8.)  Nevada Capital does not dispute that Farmers

15  has insured subscribers in Nevada, and Nevada Capital bears the burden of proving the Court has

16  jurisdiction over this matter. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th

17  Cir. 2001).  Nevada Capital has not disputed that if Farmers' subscribers are its members,

18  diversity jurisdiction does not exist in this case because Nevada Capital is a Nevada corporation,

19  and Farmers has at least one subscriber in Nevada.  I therefore will dismiss this lawsuit for lack of

20  subject matter jurisdiction.[4]  This is an undesirable result given that the parties have invested two

21
22          [2] 28 U.S.C. § 1453 (governing the removal of certain class actions from state court).

23          [3] The Senate Report on the Class Action Fairness Act indicated that "[i]t makes no sense to treat
    an unincorporated insurance company differently from, say, an incorporated manufacturer for purposes of
24  diversity jurisdiction," and stated that "[n]ew subsection 1332(d)(10) corrects this anomaly."  S. Rep. 109-
    14, 45-46, 2005 U.S.C.C.A.N. 3, 43 (Feb. 28, 2005).  However, by its terms, subsection 1332(d)(10)
25  applies only to certain class actions.

26          [4] In its Opposition to Farmers' Motion to Amend, Nevada Capital argued that the portion of
    § 1332(c)(1) referring to direct actions against an unincorporated insurer applied to define Farmers'
27  citizenship.  "Courts have uniformly defined the term 'direct action' as used in this section as those cases
    in which a party suffering injuries or damage for which another is legally responsible is entitled to bring
28  suit against the other's liability insurer without joining the insured or first obtaining a judgment against
    him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir. 1982); *see also Northbrook Nat'l*

1   years and extensive resources litigating in this Court.  But allowing the parties to continue to

2   litigate here would further waste resources and ultimately end in a judgment that is subject to

3   dismissal on appeal for lack of subject matter jurisdiction. *See Mashiri*, 724 F.3d at 1031.

4       **C.  Conclusion**

5           IT IS THEREFORE ORDERED that Defendant Farmers Insurance Exchange's Motion

6   for Leave to Amend Answer (Dkt. #46) is hereby GRANTED.

7           IT IS FURTHER ORDERED that this action is hereby DISMISSED for lack of subject

8   matter jurisdiction.

9

10          DATED this 4th day of December, 2014.

11

12                                              _____

                                                ANDREW P. GORDON

13                                              UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26  *Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989); *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir.
    1993).  This is not a direct action.  Nevada Capital is suing as assignee of Farmers' own additional insured
27  for Farmers' alleged breach of the insurance contract and violations of the Nevada Unfair Claims Practices
    Act. (Dkt. #1.)
28